IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
2006 MAY -5  P 2: 37
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

| | |
|---|---|
| SUSAN CHIEF EAGLE, | Case No. 2:02CV 00578TC |
| Plaintiff, | |
| vs. | ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | Honorable Tena Campbell |
| Defendant | |

Plaintiff Susan Chief Eagle appeals a decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-403 and 1381-1383f.

A hearing was held on April 27, 2006. Plaintiff was represented by Michael E. Bulson. Defendant was represented by W. Michael Stanley and Amy J. Oliver. After consideration of the evidence and argument, I reverse the decision of the Commissioner and remand for further administrative proceedings, including a de novo hearing and new decision.

An administrative law judge (ALJ) issued the Commissioner's final decision in this matter on August 31, 2001, after a hearing. The ALJ found that Plaintiff had severe impairments, but at step four of the sequential evaluation process[1] found that she retained the

---

[1] To prove a disability, a claimant must establish a "medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Social Security regulations specify that a five-step sequential analysis must be used to evaluate a claim for disability benefits. 20 CFR §§ 404.1520, 416.920

ability to perform her past relevant work as a cafeteria attendant, kitchen helper, punch press operator, and rag cutting machine feeder. He therefore found that Plaintiff was not disabled. See 20 C.F.R. §§ 404.1520(f), 416.920(f) (2005) (if a claimant can perform her past relevant work she is not disabled).

To find that Plaintiff could perform her past relevant work, the ALJ was required to evaluate Plaintiff's mental and physical residual functional capacity, determine the mental and physical demands of Plaintiff's past relevant work, and determine whether Plaintiff had the ability to meet the job demands of her past relevant work considering her residual functional capacity. See Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); see also Social Security Ruling 82-62, 1982 WL 31386, at *4 (S.S.A. 1982). The ALJ was required to make findings addressing each element of the evaluation. See Winfrey, 92 F.3d at 1023. While the ALJ made the requisite finding regarding Plaintiff's residual functional capacity, the decision does not contain findings directed to the mental and physical demands of Plaintiff's past relevant work or Plaintiff's ability to meet those job demands with her residual functional capacity.

---

(2005). Step one determines if a claimant is engaged in substantial gainful activity. If so, benefits are denied. If not, the ALJ proceeds to step two, which determines whether a claimant has a medically determinable, severe impairment or combination of impairments. If a claimant does not have a severe impairment or combination of impairment, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares a claimant's impairment with a number of impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1, which are acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. If the impairment meets or equals one of the listed impairments, a claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents claimant from performing work he or she has performed in the past. If a claimant is able to perform previous work, he or she is not disabled. If a claimant cannot perform this work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Instead, the ALJ recited some of the job requirements of two of Plaintiff's past jobs, but not all of them, and restated the vocational expert's conclusion that with her residual functional capacity Plaintiff could perform her past relevant work. In essence, the ALJ delegated his fact finding responsibilities at step four to the vocational expert, a practice specifically prohibited by the Tenth Circuit. See Id. at 1025 ("When . . . the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review."). While Defendant has argued that Doyal v. Barnhart, 331 F.3d 758 (10th Cir. 2003), allows ALJs greater flexibility in using vocational expert testimony at step four, the ALJ in this case did not quote the vocational expert's testimony in support of his own findings, as in Doyal. See id. at 761. Because the ALJ did not make his own step four findings, and merely repeated the vocational expert's testimony, I have nothing to review. This case falls squarely within Winfrey's holding, and I am remanding the case to the Commissioner to remedy this legal error.

On remand, the Commissioner is directed to first develop the record to accurately identify Plaintiff's past relevant work. The record is unclear as to Plaintiff's years of employment, employers, occupations, and job duties. For example, the ALJ found the jobs of rag cutting machine feeder and cafeteria attendant were within Plaintiff's past relevant work, but also stated that they were not performed at substantial gainful activity. See 20 C.F.R. §§ 404.1565(a), 416.965(a) (2005) (work must be performed at substantial gainful activity to be considered past relevant work). It also cannot be determined from the record whether Plaintiff's job for Unysis was as a punch press operator, a degreaser, or a combination of the two (or if separate jobs, what years she worked which job). After identification of Plaintiff's past relevant work, if the

sequential evaluation process proceeds to step four the ALJ must perform the evaluation required by Winfrey before finding that Plaintiff can perform her past relevant work. The pertinent findings must be stated in the decision, along with the supporting evidence.

On remand, the ALJ will also consider Dr. Lambert's March 28, 2001 letter and July 18, 2001 Department of Workforce Services report which were submitted to the Appeals Council. The ALJ will consider all of the medical opinion evidence of record pursuant to 20 C.F.R. §§ 404.1527 and 416.927, providing specific rationale in the decision for the weight given, supported by evidence of record.

Finally, on remand the ALJ will also reconsider whether Plaintiff's testimony is credible pursuant to 20 C.F.R. §§ 404.1529 and 416.929, again providing specific rationale in the decision explaining the reasons for the credibility finding, supported by evidence of record.

The decision of the Commissioner denying Plaintiff's applications for disability insurance benefits and supplemental security income is hereby REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

DATED this 5 day of May, 2006.

BY THE COURT

Tena Campbell
United States District Judge